**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV, and<br>SREAM, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00241-TWP-DML |
| | ) | |
| SMOKEYS TOBACCO OUTLET 3, and<br>JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING DEFENDANTS' MOTION**
**TO SET ASIDE DEFAULT JUDGMENT**

This matter is before the Court on a Motion to Set Aside Entry of Default Judgment filed

by Defendants Smokeys Tobacco Outlet 3 ("Smokeys") and John Doe (collectively, the

"Defendants") (Filing No. 22).  For the reasons stated below, the Motion is **GRANTED**.

**I.     BACKGROUND**

On December 23, 2018, Plaintiffs Roor International BV ("Roor") and Sream Inc.

(collectively, the "Plaintiffs"), filed a Complaint against the Defendants alleging Smokeys and

John Doe had committed trademark infringement, counterfeiting, and false designation of

origin/unfair competition, under the Lanham Act (15 U.S.C. § 1051 et. seq.).  (Filing No. 1.)  On

March 7, 2019, Plaintiffs were given a deadline to produce a report on the status of service of

process as to each Defendant.  (Filing No. 9.)  Plaintiffs offered an affidavit from Darin Kinser

("Kinser") showing they had served Smokeys Tobacco Outlet 3 through Travis Beckett

("Beckett") the then general manager of Smokeys' retail store.  (Filing No. 10 at 2.)  Thereafter,

Defendants never filed an answer or other pleading responding to the Complaint.  Plaintiffs moved

for entry of clerk's default against Smokeys on April 2, 2019, and the Clerk entered default on

May 15, 2019.  Defendants filed this Motion to Set Aside Entry of Default Judgment on July 16,

2019.  Plaintiffs have not responded to the instant motion.

## II.     LEGAL STANDARD

"The court may set aside an entry of default for good cause, and it may set aside a default

judgment under Rule 60(b)."  Federal Rule of Civil Procedure 55(c).  Because the Court did not

enter a final default judgment, the Rule 55(c) "good cause" standard applies.  This Court has broad

discretion to set aside a default entry for good cause.  *Cracco v. Vitran Exp., Inc*., 559 F.3d 625,

630 (7th Cir. 2009).  "A party seeking to vacate an entry of default prior to the entry of final

judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a

meritorious defense to the complaint."  *Id*.  "While the same test applies for motions seeking relief

from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in

the Rule 55(c) context."  *Id.* at 631 (internal citation and quotation marks omitted). Moreover, the

Seventh Circuit "articulate[s] a policy of favoring trial on the merits over default judgment." *Sun

v. Bd. of Trs. of the Univ. of Ill.,* 473 F.3d 799 at 811 (7th Cir.2007).

## III.    DISCUSSION

Although both Defendants bring the Motion to Set Aside Entry of Default, the Default

judgment applies only to Smokeys because Plaintiff has not identified or alleged service on John

Doe.[1] Defendants assert they had good cause for their failure to respond timely to the Complaint,

arguing they took quick action to correct the default and they have a meritorious defense.

---

[1] There is no prohibition on filing suit against unknown defendants, however, "John Doe defendants must be identified and served within 120 days of the commencement of the action against them." *Aviles v. Village of Bedford Park,* 160 F.R.D. 565, 567 (N.D.Ill.1995); see also Fed.R.Civ.P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant...."). This action has been pending since December 23, 2018. To avoid dismissal of John Doe as a party, Plaintiffs should seek to identify and serve process forthwith.

Importantly, Plaintiffs have not responded in opposition to Defendants' request to vacate the Clerk's default. The Court will discuss each element required to set aside a clerk's default.

**A.     <u>Good Cause</u>**

Defendants assert there was good cause for their default, namely, Plaintiffs did not provide effective service of process under Federal Rule of Civil Procedure 4(h) and alternatively, good cause exists because Defendant is "not an experienced litigant and has never been sued." (Filing No. 22 at 5.)

Rule 4(h)(1) provides two means of proper service on corporations:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant….

Fed. R. Civ. P. 4(h). The relevant Indiana rule, which applies under Federal Rule of Civil Procedure 4(h)(1)(A) states that, for an organization, service can be made "upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6.

The Seventh Circuit has elaborated on what constitutes "good cause," casting it as a process of weighing the equities to each side. *U.S. v. Di Mucci*, 879 F.2d 1488 (7th Cir.1989). Good cause is not equivalent to having a good excuse or showing excusable neglect. *Sims v. EGA Prods., Inc.*, 475 F.3d 865 (7th Cir. 2007). Instead, a court must consider the defaulting party's actions (i.e., did it quickly act to correct the problem, does it have meritorious defenses?) and the prejudice to each side. *Di Mucci*, 879 F.2d at 1495.

Defendants first argue good cause exists because service was made on Beckett, and Beckett is not an officer, manager or general agent, or any other agent authorized by appointment of law

to receive service of process on their behalf. They assert that Beckett, was "nothing more than the store manager at the time the Summons and Complaint were delivered by … Kinser on January 31, 2019." (Filing No. 22-2.)

The Indiana Court of Appeals has interpreted Rule 4(h) to permit service upon local managers. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind. Ct. App. 2001). Indiana Trial Rule 83 defines an executive officer to include:

> the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder. For purposes of service of process, notice, and other papers, the term includes ... any person employed in the organization if such person promptly delivers the papers served to one of the foregoing.

Ind. Trial Rule 83(2). In keeping with this logic, the Indiana Court of Appeals has found service proper where a multinational organization headquartered outside Indiana was served at a local store. *See Taco Bell Corp. v. United Farm Bureau Mut. Ins. Co.*, 567 N.E.2d 163, 164 (Ind. Ct. App. 1991) (holding "the clear intent of [Indiana Trial Rule 4.6] is to make service upon an organization's local manager effective as service upon the organization."). Indiana's local rules and caselaw make clear that Plaintiffs' service on Beckett was proper under rule 4(h)(1)(A). Thus, Defendants' ineffective service argument is unavailing.

The Court finds Defendants' alternative argument more compelling. The Court recognizes that Smokeys is registered with the Indiana Secretary of State as a "Domestic For-Profit Corporation" with Matt Kaiser as the registered agent located at the principal office address of 1510 State Road 64 NE, New Salisbury, Indiana 47161. (Dkt. 22-3.) Once the proper registered agent was notified of the action, counsel was retained. Nothing in the record indicates an intentional or willful refusal to timely respond. Rather, the record indicates inadvertence on behalf of an inexperienced party. The Seventh Circuit has recognized inadvertence as good cause in a

Rule 55(c) context even where a party received proper service. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Absent any argument to the contrary, the Court finds good cause exists for the default.

**B.      Quick Action to Correct Default**

The second element required to set aside a default judgment is the defaulting party must show quick action to correct its default. Defendants filed their Motion to Set Aside Entry of Default Judgment eight weeks after the Clerk's entry of default. The Seventh Circuit has held that a ten-week delay meets the timeliness requirement when setting aside a settlement under the stricter Rule 60(b) standard. *See Smith v. Wildman Trucking and Excavating Ins.*, 672 F.2d 792 (7th Cir. 1980). Absent any argument to the contrary, the Court finds that an eight-week delay meets the quick action standard, and Defendants have satisfied the second element.

**C.      Meritorious Defense**

Finally, the defaulting party must have a meritorious defense to the complaint. A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment, and which is supported by a developed legal and factual basis. *Merrill Lynch Mortgage Corp., v. Narayan*, 908 F.2d 246, 252 (7th Circuit 1990); *Breuer Electric Mfg. Co., v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Circuit 1982). Defendants assert that Smokeys has not at any time sold products bearing the Roor trademark (Filing No. 22-2), a fact which, if true, negates an element of Plaintiffs' claim. Additionally, Defendants note that similar claims made by the same Plaintiffs have failed in another federal court. *Sream, Inc. v. Smokers Edge, LLC*, No. 18-80545-CV, 2019 WL 2233892 (S.D. Fla. Feb. 6, 2019). Absent any argument to the contrary, the Court finds that Smokeys has a meritorious defense.

## IV. CONCLUSION

Because Defendants have shown good cause for the Clerk's default, quick action to correct it, and a meritorious defense, Defendants' Motion to Set Aside Entry of Default Judgment (Filing No. 22) is **GRANTED**.

**SO ORDERED.**

Date:  2/13/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathan G. Chance
JC LAW OFFICES
jc@jc-law.com

Jeffrey L. Hansford
BOEHL STOPHER & GRAVES, LLP (New Albany)
jhansford@bsg-in.com

Curtis Paul Moutardier
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

Alex Ooley
BOEHL STOPHER & GRAVES, LLP (New Albany)
aooley@bsg-in.com